UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____
MAGISTRATE JUDGE: _____

**07-81000-CIV-DIMITROULEAS/ROSENBAUM**

HOWARD HOWELL and
KAREEN HOWELL,

      Plaintiffs,

v.

RIC BRADSHAW, as SHERIFF
OF PALM BEACH COUNTY, MARK
JOLLY, MATTHEW WOOD, JOHN
DOUGAN, ANDREW PORATH, and
RICHARD BURDICK,

      Defendants.

_____/

```
FILED by ___ JC ___ D.C.
ELECTRONIC

Oct. 23, 2007

CLARENCE  MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI
```

## NOTICE OF REMOVAL

RIC BRADSHAW, as SHERIFF OF PALM BEACH COUNTY, MARK JOLLY, MATTHEW WOOD, JOHN DOUGAN, ANDREW PORATH, and RICHARD BURDICK (hereinafter collectively "Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby file this Notice of Removal of this action to the United States District Court for the Southern District of Florida, and respectfully state as follows:

1.    This is a petition for removal of an action filed by Plaintiffs HOWARD HOWELL and KAREEN HOWELL, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County docketed as Case No.50-2007-CA-015822XXXXMB/AE.

2.    In the Complaint, Plaintiffs allege violations under 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth Amendment to the United States Constitution and violations of due process of law under the Fourteenth

117589_1

1

Amendment to the United States Constitution. Additionally, Plaintiffs allege several State law claims to be asserted upon six month presentment, including claims of false arrest, false imprisonment, assault, battery, vicarious liability, and loss of consortium.

3.      Pursuant to 28 U.S.C. § 1331, District Courts shall have original jurisdiction of all civil actions arising under the laws of the United States. Thus, this Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1983 and 1988, and this action is therefore removable under 28 U.S.C. § 1441(a) and (b).

4.      Pursuant to 28 U.S.C. § 1441(c), whenever a separate and independent claim or cause of action within the jurisdiction conferred by Section 1331 is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein. Thus, this Court has jurisdiction over Plaintiff's claims under Florida law.

5.      Plaintiffs served their Summons and Complaint upon Defendants on October 12, 2007.

6.      This Notice of Removal is filed with this Court within thirty (30) days of service of the Summons and Complaint on Defendants.

7.      Through undersigned counsel, all Defendants consent to the Removal of this Action.

8.      Copies of all pleadings, process and orders filed in the Circuit Court and served are attached hereto as Exhibit A and are incorporated herein by reference.

117589_1

2

Dated: October 23, 2007.

Respectfully submitted,

Peter L. Sampo
Florida Bar No. 0773440
Email: psampo@anblaw.com
Luke C. Savage
Florida Bar No. 0028387
Email: lsavage@anblaw.com

ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel.: 305-445-7801
Fax: 305-442-1578
Counsel for Defendants

117589_1

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid, on this 23rd day of October, 2007 upon:

Robert L. Saylor, Esq.
Florida Bar No. 132481
Anne Garber, Esq.
Florida Bar No. 0838381
LAW OFFICES OF ROBERT L. SAYLOR, P.A.
The Barristers, Suite 1-B
1615 Forum Place
West Palm Beach, FL 33401
Telephone (561) 697-8700
Facsimile (561) 697-3135
Attorneys for Plaintiffs

_____
Attorney

117589_1

## SERVICE LIST

<u>Howard Howell and Kareen Howell v. Ric Bradshaw, as Sheriff of Palm Beach County,
Mark Jolly, Matthew Wood, John Dougan, Andrew Porath, and Richard Burdick</u>

Case No: _____

Robert L. Saylor, Esq.
Florida Bar No. 132481
Anne Garber, Esq.
Florida Bar No. 0838381
LAW OFFICES OF ROBERT L. SAYLOR, P.A.
The Barristers, Suite 1-B
1615 Forum Place
West Palm Beach, FL 33401
Telephone (561) 697-8700
Facsimile (561) 697-3135
Attorneys for Plaintiffs

Peter L. Sampo
Florida Bar No. 0773440
Email: psampo@anblaw.com
Luke C. Savage
Florida Bar No. 0028387
Email: lsavage@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel.: 305-445-7801
Fax: 305-442-1578
Counsel for Defendants

# EXHIBIT A

**FORM 1.997 CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)

I. CASE STYLE

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

HOWARD HOWELL AND
KAREEN HOWELL,

CASE NO: 50 2007 CA 015822 XXXX MB

    Plaintiffs,

v.

RIC BRADSHAW, Individually and
as SHERIFF OF PALM BEACH COUNTY,
MARK JOLLY, MATHEW WOOD,
JOHN DOUGAN, JERRY PORATH,
and RICHARD BURDICK,

*FILED 07 SEP 18 PM 4:28 PALM BEACH COUNTY FL CIRCUIT CIVIL*

II. TYPE OF CASE (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | X- Other Civil |
|---|---|---|
| Simplified dissolution | Professional Malpractice | Contracts |
| Dissolution | Products liability | Condominium |
| Support - IV-D | Auto negligence | Real property/ |
| Support - Non IV-D | Other negligence | Mortgage foreclosure |
| URESA - IV-D | | Eminent Domain |
| Domestic violence | | Other |
| Other domestic relations | | |

Is Jury Trial Demanded In Complaint?

X  Yes

   No

DATE: September___2007

SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION

**ROBERT L. SAYLOR,** Esquire
FLA. BAR NO.: 132481
THE BARRISTERS - STE. 100
1615 FORUM PLACE
WEST PALM BEACH FL 33401
TELEPHONE:  561/697-8700
FACSIMILE:  561/697-3135

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

HOWARD HOWELL and
KAREEN HOWELL,

CASE NO.: 50 2007 CA 015822 XXXX MB AE

Plaintiffs,

v.

**SUMMONS**

RIC BRADSHAW, as
SHERIFF OF PALM BEACH COUNTY,
MARK JOLLY, MATTHEW WOOD,
JOHN DOUGAN, ANDREW PORATH,
and RICHARD BURDICK,

Defendants.
_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State**:

**YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in this action on Respondent:

**RIC BRADSHAW** *as Sheriff of Palm beach county*
Palm Beach County Sheriff's Office
3228 Gun Club Road
West Palm Beach, FL 33406

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the A.D. A. Co-ordinator at the Administrative Office of the court, 205 North Dixie Highway, Room #5.2500, West Palm Beach, Florida 33401, Telephone (561)355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1(800)955-8771.

**IMPORTANT**

Each Defendant is required to serve written defenses to the Complaint on Plaintiffs attorney, whose address is:

**ROBERT L. SAYLOR**, Esquire
1615 Forum Place - The Barristers- Suite 100 - West Palm Beach FL  33401

within thirty (30) days after service of this  Summons on the above Defendant, exclusive of the date of service, and to file the original of the defenses, with the Clerk of this Court either before service on Plaintiff attorney or immediately thereafter.  If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

Dated:_____ OCT 0 2 2007      Clerk of the Court:

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Fla.
33402-4667

As Deputy Clerk
SANDRA CUEVA

## IMPORTANTE

Usted ha sido demandado legalmente. 30 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 30 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

HOWARD HOWELL and
KAREEN HOWELL,

CASE NO.: 50 2007 CA 015822 XXXX MB AE

        Plaintiffs,

v.

RIC BRADSHAW, as
SHERIFF OF PALM BEACH COUNTY,
MARK JOLLY, MATTHEW WOOD,
JOHN DOUGAN, ANDREW PORATH,
and RICHARD BURDICK,

**SUMMONS**
**Personal Service on a Natural Person**

        Defendants.

_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State**:

       **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in this action on Respondent:

**MARK JOLLY**
**1110 Northumberland Ct. # 215**
**Wellington, FL 33414**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the A.D. A. Co-ordinator in the Administrative Office of the court, 205 North Dixie Highway, Room #5.2500, West Palm Beach, Florida 33401, Telephone (561)355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1(800)955-8771.

**IMPORTANT**

Each Defendant is required to serve written defenses to the Complaint on Plaintiffs attorney, whose address is:

**ROBERT  L.  SAYLOR**, Esquire
1615 Forum Place - The Barristers- Suite 100  - West Palm Beach FL  33401

within twenty (20) days after service of this  Summons on the above Defendant, exclusive of the date of service, and to file the original of the defenses, with the Clerk of this Court either before service on Plaintiff attorney or immediately thereafter.  If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

Dated:_____ CCT 0 2        Clerk of the Court:

                                       As Deputy Clerk

SANDRA CUEVA

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

HOWARD HOWELL and             CASE NO.: 50 2007 CA 015822 XXXX MB AE
KAREEN HOWELL,

            Plaintiffs,

v.                                        **SUMMONS**
                                          **Personal Service on a Natural Person**

RIC BRADSHAW, as
SHERIFF OF PALM BEACH COUNTY,
MARK JOLLY, MATTHEW WOOD,
JOHN DOUGAN, ANDREW PORATH,
and RICHARD BURDICK,

            Defendants.
_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State**:

      **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in
this action on Respondent:

**JOHN DOUGAN**
**3756 Miramontes Cir.**
**Wellington, FL 33414-8826**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are
entitled, at no cost to you, to the provision of certain assistance.  Please contact the A.D. A. Co-ordinator in the
Administrative Office of the court, 205 North Dixie Highway, Room #5.2500, West Palm Beach, Florida 33401,
Telephone (561)355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice
impaired, call 1(800)955-8771.

**IMPORTANT**

Each Defendant is required to serve written defenses to the Complaint on Plaintiffs
attorney, whose address is:
                  **ROBERT  L.  SAYLOR**, Esquire
      1615 Forum Place - The Barristers- Suite 100  - West Palm Beach FL  33401

within twenty (20) days after service of this  Summons on the above Defendant,
exclusive of the date of service, and to file the original of the defenses, with the Clerk of
this Court either before service on Plaintiff attorney or immediately thereafter.  If a
Defendant fails to do so, a Default will be entered against that Defendant for the relief
demanded in the Complaint.

Dated:_____             Clerk of the Court:

                                            By:_____
                                                As Deputy Clerk

                                            SANDRA CUEVA

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

HOWARD HOWELL and                          CASE NO.: 50 2007 CA 015822 XXXX MB AE
KAREEN HOWELL,

       Plaintiffs,

v.                                         **SUMMONS**
                                           **Personal Service on a Natural Person**
RIC BRADSHAW,  as
SHERIFF OF PALM BEACH COUNTY,
MARK JOLLY, MATTHEW WOOD,
JOHN DOUGAN, ANDREW PORATH,
and RICHARD BURDICK,

       Defendants.

_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

     **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in this action on Respondent:

**MATTHEW WOOD**
**2510 Wellington Green Dr. Apt. 104**
**Wellington, FL 33414-9322**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the A.D. A. Co-ordinator in the Administrative Office of the court, 205 North Dixie Highway, Room #5.2500, West Palm Beach, Florida 33401, Telephone (561)355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1(800)955-8771.

**IMPORTANT**

Each Defendant is required to serve written defenses to the Complaint on Plaintiffs attorney, whose address is:
          **ROBERT  L.  SAYLOR**, Esquire
     1615 Forum Place - The Barristers- Suite 100  - West Palm Beach FL  33401

within twenty (20) days after service of this  Summons on the above Defendant, exclusive of the date of service, and to file the original of the defenses, with the Clerk of this Court either before service on Plaintiff attorney or immediately thereafter.  If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

Dated:_____OCT 02_____ Clerk of the Court:

By:_____
       Deputy Clerk
            SANDRA CUEVA

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

HOWARD HOWELL and
KAREEN HOWELL,

CASE NO.: 50 2007 CA 015822 XXXX MB AE

      Plaintiffs,

v.

RIC BRADSHAW, Individually and as
SHERIFF OF PALM BEACH COUNTY,
MARK JOLLY, MATTHEW WOOD,
JOHN DOUGAN, ANDREW PORATH,
and RICHARD BURDICK,

      Defendants.

_____/

**SUMMONS**
**Personal Service on a Natural Person**

**THE STATE OF FLORIDA**
**To Each Sheriff of the State**:

    **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in
this action on Respondent:

**ANDREW PORATH**
13956 Ishnala Cir.
Wellington, FL 33414-7805

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the A.D. A. Co-ordinator in the Administrative Office of the court, 205 North Dixie Highway, Room #5.2500, West Palm Beach, Florida 33401, Telephone (561)355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1(800)955-8771.

**IMPORTANT**

Each Defendant is required to serve written defenses to the Complaint on Plaintiffs attorney, whose address is:

**ROBERT L. SAYLOR**, Esquire
1615 Forum Place - The Barristers- Suite 100  - West Palm Beach FL  33401

within twenty (20) days after service of this  Summons on the above Defendant, exclusive of the date of service, and to file the original of the defenses, with the Clerk of this Court either before service on Plaintiff attorney or immediately thereafter.  If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

Dated:_____ OCT 0 2

Clerk of the Court:

By:_____
As Deputy Clerk
SANDRA CUEVA

SHARON R. BOCK
Comptroller

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

HOWARD HOWELL and
KAREEN HOWELL,

CASE NO.: 50 2007 CA 015822 XXXX MB AE

     Plaintiffs,

v.

**SUMMONS**
**Personal Service on a Natural Person**

RIC BRADSHAW, as
SHERIFF OF PALM BEACH COUNTY,
MARK JOLLY, MATTHEW WOOD,
JOHN DOUGAN, ANDREW PORATH,
and RICHARD BURDICK,

     Defendants.
_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State**:

     **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in this action on Respondent:

**RICHARD BURDICK**
**4699 Blue Pine Circle**
**Lake Worth, FL 33463**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the A.D. A. Co-ordinator in the Administrative Office of the court, 205 North Dixie Highway, Room #5.2500, West Palm Beach, Florida 33401, Telephone (561)355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1(800)955-8771.

**IMPORTANT**

Each Defendant is required to serve written defenses to the Complaint on Plaintiffs attorney, whose address is:

     **ROBERT L. SAYLOR**, Esquire
     1615 Forum Place - The Barristers- Suite 100  - West Palm Beach FL  33401

within twenty (20) days after service of this  Summons on the above Defendant, exclusive of the date of service, and to file the original of the defenses, with the Clerk of this Court either before service on Plaintiff attorney or immediately thereafter.  If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

Dated:_____ OCT 0 2 2007      Clerk of the Court:

    By: _____ SANDRA CUEVA
         As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.: 50 2007 CA 015822 XXXX MB AE

HOWARD HOWELL and
KAREEN HOWELL,

   Plaintiffs,

vs.

RIC BRADSHAW, Individually and
as SHERIFF OF PALM BEACH COUNTY,
MARK JOLLY, MATTHEW WOOD,
JOHN DOUGAN, ANDREW PORATH,
and RICHARD BURDICK,

   Defendants.



FILED
07 SEP 18 PM 1:29
PALM BEACH COUNTY, FL
CIRCUIT CIVIL 9



## <u>SWORN COMPLAINT FOR DAMAGES</u>

**COME NOW**, the Plaintiffs, **HOWARD HOWELL** and **KAREEN HOWELL**, by and

through the undersigned counsel, and file this Complaint for Damages against the

Defendants, Ric Bradshaw, Individually and as Sheriff of Palm Beach County, Mark Jolly,

Matthew Wood, John Dougan, Andrew Porath and Richard Burdick, and, as proof thereof,

allege as follows:

### PRELIMINARY STATEMENT

1.  This is an action for relief brought by Plaintiff Howard Howell and his wife

Kareen Howell to redress the violation of rights pursuant to Title VII, 42 U.S.C. §§ 1983 and

1988 for violations of the Fourth Amendment to the United States Constitution and

violations of due process of law under the 14th Amendment to the United States

Constitution. Additionally, several State claims will be asserted upon six month presentment.

2.     Plaintiffs have complied with all conditions precedent prior to filing this lawsuit, or the conditions precedent have been waived or excused.

3.     Plaintiffs have provided notice in accordance with Florida Statute § 768.28. (A copy of the letter to Sheriff Ric Bradshaw dated July 27, 2007 is attached hereto and marked as Exhibit "1.")

## JURISDICTION

4.     This Court has jurisdiction because the damages are in excess of $15,000.00.

## VENUE

5.     Venue is proper in this judicial district because the acts or omissions give rise to all claims occurred within Palm Beach County, Florida.

## PARTIES

6.     Plaintiff, Howard Howell, is a resident of Palm Beach County. Plaintiff has been employed by the Palm Beach County Sheriff's Office as a deputy sheriff assigned to the road patrol division for the past four years. Prior to his employment with the Sheriff's Office, Plaintiff was a police officer for the City of North Palm Beach, Florida. Plaintiff was born in Jamaica but has been a resident of the United States since 1989. Plaintiff became a United States citizen in 2000. During the time Plaintiff has been employed by the Sheriff's Office, he has earned his bachelor's degree and master's degree from Lynn University. Prior to the incidents described herein, Plaintiff's record with the Sheriff's Office was impeccable.

7.      Plaintiff, Kareen Howell, is the wife of Howard Howell and is claiming loss of consortium for the state claims asserted below.

8.      Defendant, Ric Bradshaw, is the Sheriff of Palm Beach County and is being sued in his official capacity as Sheriff of Palm Beach County. At all times relevant herein, Defendant Bradshaw was the final policy maker for the Palm Beach County Sheriff's Office. At all times relevant herein, Defendant Bradshaw was acting under the color of law.

9.      Defendant, Matthew Wood, is employed by the Palm Beach County Sheriff's Office as a road patrol deputy. Defendant Wood has been employed as a Deputy Sheriff since January 27, 2006. At all times relevant herein, Defendant Wood was acting under the color of law.

10.     Defendant, John Dougan, is employed by the Palm Beach County Sheriff's Office as a road patrol deputy. Defendant Dougan has been employed as a deputy sheriff since June 27, 2005. At all times relevant herein, Defendant Dougan was acting under the color of law.

11.     Defendant Andrew Porath, is employed by the Palm Beach County Sheriff's Office as a deputy sheriff. Defendant Porath holds the rank of sergeant. At all times relevant herein, Defendant Porath was acting under the color of law.

12.     Defendant, Richard Burdick, is employed by the Palm Beach County Sheriff's Office as a deputy sheriff. Defendant Burdick holds the rank of lieutenant. At all times relevant herein, Defendant Burdick was acting under the color of law.

13.     Defendant, Mark Jolly, is employed by the Palm Beach County Sheriff's Office as a deputy sheriff. Defendant Jolly holds the rank of sergeant. At all times relevant herein, Defendant Jolly was acting under the color of law.

## BACKGROUND ALLEGATIONS

14.     On June 24, 2006, Plaintiff, Howard Howell, along with his family, were invited to  attend a social gathering at the home of his next door neighbors, Courtney Spence and Elaine Spence.  Plaintiff was asked to play the music for a gathering of six to eight middle-aged couples and several younger friends of the Spences' children.  Also attending the party was Clinton Cohen, who is also employed by the Palm Beach County Sheriff's Office as a deputy sheriff and holds the rank of corporal.  Yet another deputy sheriff who briefly attended the party was Ahmed Shahid.

15.     At around 11:00 p.m. on the evening of June 24, 2006, Defendant Wood and Defendant Dougan were dispatched to the Spence residence in response to an anonymous complaint of loud music.

16.     Once the two deputies approached the gated entry to the Spences' yard, they were met by Mrs. Spence.  As Defendant Dougan began walking into the backyard he was approached by Mrs. Spence and advised her of the noise complaint.  Mrs. Spence agreed to turn down the music.  Defendant Dougan never asked Mrs. Spence for permission to enter her property; rather as he spoke to her, he walked directly to the back porch of the home.

17.     When Defendant Wood exited his patrol car he did not engage Mrs. Spence but walked directly past her and without her consent or permission, walked to the back porch and patio area of the Spences' property where the music was being played.  Although there were several couples in the immediate area, Defendant Wood approached Plaintiff, Howard Howell, and without questioning him, demanded that he turn the music down.

18.     Plaintiff was shocked and disturbed by the aggressive behavior of the deputy and responded by identifying himself as a Palm Beach County Deputy Sheriff.

19.     At this point, Defendant Dougan approached Plaintiff and Defendant Wood. Defendant Dougan claims that Plaintiff was being argumentative and uncooperative and had an aggressive attitude, so he decided to arrest him for violating Palm Beach County Noise Ordinance and for violating Florida Statute § 843.02 to wit: resisting the officer without violence. At that point and without provocation, Defendant Dougan pepper sprayed Plaintiff in his face and eyes.

20.     Corporal Cohen, who was standing approximately fifteen feet away, did not hear any words exchanged but smelled the pepper spray, and immediately walked over to the area where Plaintiff and the deputies were standing.

21.     Corporal Cohen advised Defendant Wood and Defendant Dougan that they had just sprayed a deputy sheriff and asked them to return to their patrol cars and call for a supervisor. Defendant Dougan complied and returned to the area of his patrol car. Defendant Wood did not return to his patrol car but remained in the patio area.

22.     Corporal Cohen then took Plaintiff into the house to wash his eyes. After a few minutes Corporal Cohen left the residence and went to the area of the patrol cars to wait for the arrival of a supervisor.

23.     Plaintiff then walks out to the back porch wiping his eyes with a towel.

24.     At this point, Defendant Wood who has remained in the back patio shouts "gun" and pulls his own gun and points it at Plaintiff. Plaintiff responds by saying "what gives?" Courtney Spence, who was standing next to Plaintiff replied "gun, there is no gun" and escorted Plaintiff back into the house.

25.     Defendant Wood then walks back to where Corporal Cohen and Defendant Dougan are standing and "calmly" announces that the Plaintiff had pulled a gun on him and in a loud and angry tone threatened to kill Defendant Dougan.

26.     At the same time Defendant Wood tells his supervisors that he considered the actions of Plaintiff as one of a "deadly encounter" but was unable to shoot Plaintiff because there were other people standing in the way.

27.     At this point, Defendant Porath and Defendant Burdick arrive on the scene. The two officers question Defendant Wood about the events.  Defendant Wood advises Defendant Porath and Defendant Burdick of his claims that Plaintiff pulled a gun and threatened to kill Defendant Dougan.

28.     At no time during the events of that evening did Plaintiff possess, pull out, display, or otherwise threaten anyone with a gun.

29.     Although there were numerous witnesses to the entire event and evidence which directly contradict Defendant Wood's allegations, no effort is made by Defendant Porath and Defendant Burdick to question any of the witnesses or to conduct any type of rudimentary investigation. The decision is now made by Defendant Porath and Defendant Burdick to arrest Plaintiff in spite of the fact that there is no gun and no attempt is made to locate the gun.

30.     Defendant Porath then approaches Plaintiff and without questioning him, arrests Plaintiff by handcuffing and placing him in a patrol car.  Plaintiff is charged with aggravated assault on a law enforcement officer with a firearm, a second degree felony. Plaintiff is also charged with violating Palm Beach County Noise Ordinance, a *non-criminal offense*, and Florida Statute § 843.02, resisting arrest without violence.  Later that night,

Plaintiff is taken to the Palm Beach County Jail where he is booked and held for approximately 18 hours.

31.    The decision to arrest Plaintiff was made jointly by Defendant Porath and Defendant Burdick.

32.    After Plaintiff was arrested, the detectives from Violent Crime Unit arrived at the scene and detained all the guests at the party and took sworn statements from each. All eight guests, each of who witnessed some or all of the events, disputed Defendant Wood's claims that Plaintiff possessed a gun or that he instigated any type of a scene. Sworn statements were also taken from Corporal Cohen, Deputy Sheriff Ahmed Shahid, Defendant Wood, Defendant Dougan and even a teenage Explorer who was riding with a deputy. None of these witnesses ever saw Plaintiff with a gun.

33.    Additionally, that night, the detectives requested and received permission from the Spences to search their home for Plaintiff's gun. After an extensive search, no gun was found.

### The Internal Affairs Investigation of Howard Howell

34.    After Plaintiff was taken into custody, he was placed in handcuffs in the back of a patrol car. The Internal Affairs was called to the scene to investigate the crimes allegedly committed by Plaintiff.

35.    The Internal Affairs investigation was assigned to Sgt. Mark Jolly, who appeared on the scene that night.

36.    Defendant Jolly was initially briefed by the on-scene deputies and then introduced himself to Plaintiff who was still handcuffed in the patrol car. Defendant Jolly asked Plaintiff where his guns were located.

37.    Plaintiff responded by telling Defendant Jolly exactly where all of his guns were located: "the rifle is in my car, my 38 is in my trunk, my shotgun is in the rack, my duty belt is in my bathroom and my off-duty is in my drawer."

38.    Defendant Jolly did not ask any further questions of Plaintiff or ask permission to search Plaintiff's residence to confirm whether in fact the guns were where Plaintiff claimed. Had Defendant Jolly simply asked Plaintiff for permission to locate the guns, Plaintiff would have granted it, and Plaintiff would have been exonerated.

39.    The next encounter between Defendant Jolly and Plaintiff occurred approximately three hours later at the jail.

40.    Plaintiff was in a holding cell and was ordered by Defendant Jolly to submit a blood sample. Defendant Jolly advised Plaintiff that he would not "physically force" a sample from him but if Plaintiff refused he could be charged with subordination. A charge of subordination can lead to termination.

41.    Plaintiff did submit to having his blood drawn. The toxicology report would later show Plaintiff's blood alcohol level to be .04 percent. A drug screen was also performed and no drugs were detected in Plaintiff's system. The toxicologist also predicted that Plaintiff's blood alcohol level at 11:30 p.m. that night was .13 percent.

42.    The following day after his release from jail, Plaintiff was ordered to appear at Defendant Jolly's office to receive instructions on administrative leave.

43.    While in route to Defendant Jolly's office, Plaintiff spoke to Defendant Jolly who ordered him to return home in order to retrieve his guns and to bring them immediately to Defendant Jolly's office. Plaintiff asked if he could meet with his lawyers first, but was ordered by Defendant Jolly not to meet with his lawyer but come directly to the Internal

Affairs office. Plaintiff complied and the guns were then processed for prints and DNA without the consent of Plaintiff. The results of the DNA showed two strands of DNA, one of Plaintiff and another of an unidentified person.

44.     The Internal Affairs investigation was nothing more than a sham designed to make a scapegoat of the Plaintiff while approving and ratifying the obviously illegal and unlawful behavior of Defendant Dougan and Defendant Wood.

45.     Yet in spite of the lack of evidence, Defendant Jolly found that Plaintiff was guilty of "commission of a felony." Defendant Jolly then recommended to Defendant Bradshaw that the Sheriff sustain his findings.

46.     The Sheriff, Defendant Bradshaw, has the final authority in approving or disapproving the final administrative charges against Plaintiff.

47.     Defendant Bradshaw, realizing that the State refused to prosecute the Plaintiff, decided, **reluctantly, "to [not] fully sustain the allegations"** of felony against the Plaintiff.

48.     However, ignoring the fact that Defendant Wood claimed to be within five feet of Plaintiff and swore unequivocally and positively that he saw Plaintiff with a gun, Defendant Bradshaw in essence rewrote history, deciding that: "Plaintiff had an object in his hand and used words that enhanced the perception that the object was indeed a gun." Defendant Bradshaw also stated that: "I do not doubt the deputies (sic) perception he saw a gun."

49.     In spite of the fact that the Internal Affairs investigation made no such finding, Defendant Bradshaw decided that Plaintiff violated the Sheriff's Code of Ethics, to wit: (1) Section IX(23), Unfitness for Duty Due to Alcohol or Drugs; and (2) Section

IX(59), Article 5, Cooperation with Public Officials in the Discharge of Their Authorized

Duties.

50.     Section IX(23) of the Sheriff's Code of Ethics provides as follows:

**UNFITNESS FOR DUTY DUE TO ALCOHOL OR DRUGS**

Sheriff's Office personnel shall keep themselves fit for duty
and shall not become unfit *for regularly assigned duty* because
of excessive use of intoxicating or alcoholic beverages or
drugs to the extent normal faculties are impaired as defined by
Florida law.    Lawfully prescribed medicines taken as
prescribed in conjunction with legitimate sick leave shall be
excepted.   (Violation subject to six (6) to fifteen (15) day
suspension and/or demotion.)

51.     Notably, Defendant Bradshaw's finding that Plaintiff was "unfit for duty" was

made in spite of the fact that Plaintiff was off-duty and was not scheduled to report to work

for three more days.

52.     In addition, Defendant Bradshaw has misapplied the Sheriff's Code of Ethics

since Section IX(23) clearly applies when a deputy is reporting to duty.   There is no

indication Section IX(23) applies when a deputy is off-duty.

53.     Furthermore, Defendant Bradshaw decided that Plaintiff's conduct reflected

badly on the Sheriff's Office because he was impaired that night, and as a result, Plaintiff

was disciplined and subjected to a two-day suspension.

54.     On July 19, 2006, the State Attorney issued a "No File" for the felony charge

and the charge of resisting an officer without violence.  (A copy of the No File is attached

hereto and marked as Exhibit "2.")

55.     The State Attorney found the evidence so conflicting, and without any

physical evidence to support Defendant Wood's allegations, determined that the case

against Plaintiff did not warrant prosecution.

**The Internal Affairs Investigation of Defendant Wood and Defendant Dougan**

56.     On June 26, 2007, two days after the incident, the homeowners, Mr. and Mrs. Spence, filed a complaint with the Sheriff's Office concerning the "misconduct of Defendant Wood and Defendant Dougan." The complaint states that both deputies had "forcefully entered our property with total disregard for the homeowners." The complaint also states that if the deputies had approached them, the homeowners would have immediately shut off the music.

57.     The Internal Affairs investigation of Defendant Wood and Defendant Dougan was also assigned to Defendant Mark Jolly on June 26, 2006 and concluded on December 28, 2006.

58.     Defendant Jolly made various factual findings as to Plaintiff, Defendant Wood and Defendant Dougan.

59.     In spite of the fact that the evidence was undisputed that Defendant Wood and Defendant Dougan acted unlawfully when they entered the Spences' property without legal authority and in violation of Plaintiff's constitutional rights, Internal Affairs investigation conducted by Defendant Jolly found no unlawful conduct by either Defendant Wood or Defendant Dougan.

60.     Defendant Bradshaw approved or ratified the Internal Affairs findings of Defendant Jolly in favor of Defendant Wood and Defendant Dougan even though Defendant Bradshaw knew or should have known that Defendant Wood and Defendant Dougan acted unlawfully and in violation of Plaintiff's constitutional rights.

### Count I
### Section 1983 Claim as to Sheriff Ric Bradshaw in His Official Capacity

61.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-60.

62.    Defendant Bradshaw is being sued in his official capacity because, as top policy maker for the Sheriff's Office, he ratified the illegal and unconstitutional acts by his various subordinate deputies.

63.    It is the culture of the Sheriff's Office to accept at face value the on-duty deputy's assertions even at the expense of compromising constitutional rights of citizens of the United States or other persons within jurisdiction of the United States.

64.    Defendant Bradshaw approved and ratified the following unconstitutional acts of his deputies:

a.    A Fourth Amendment violation by Defendant Wood and Defendant Dougan when they trespassed on the homeowner's premise without consent or permission of the homeowner.

b.    At the time Defendant Wood and Defendant Dougan trespassed on the premises they acted without legal authority or lawful process when their stated purpose was to arrest Plaintiff for a nonexistent crime to wit: violation of Palm Beach County Noise Ordinance.

c.    A Fourth Amendment violation by Defendant Wood and Defendant Dougan when they arrested Plaintiff without a warrant and without probable cause and/or as a pretext for other unlawful police conduct.



d.   The use of excessive force by Defendant Dougan for pepper spraying Plaintiff for no lawful reason, violating Florida Statute §843.02 and the Sheriff's Office procedures.

e.   The unconstitutional arrest of Plaintiff when the arresting officers willfully ignored readily available and exculpatory evidence at the scene.

f.   By ratifying and approving the Fourth Amendment violation of Defendant Mark Jolly when he seized a sample of Plaintiff's blood.

g.   By ratifying and approving the Fourth Amendment violation of Defendant Mark Jolly when he seized a sample of Plaintiff's DNA.

65.   Each of the acts which were ratified by Defendant Bradshaw were made with his knowledge and understanding of the events that occurred on June 24, 2006.

66.   As a result of Defendant Bradshaw's alleged acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future, damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and attorney fees and costs and further demand trial by jury.

## Count II
## Section 1983 Claim as to Defendant Mark Jolly

67.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-60.

68.   Defendant Jolly violated Plaintiff's Fourth Amendment rights by seizing Plaintiff's blood and DNA without the probable cause and without the voluntary consent of Plaintiff and by coercion.

69.     Defendant Jolly acted with bad faith, malice and with intent to injure Plaintiff when he unlawfully seized Plaintiff's blood and DNA.

70.     At all times material hereto, Defendant Jolly knew or should have known that his actions were wrongful and unlawful, and that they violated constitutional rights of the Plaintiff and would result in damage to the Plaintiff.

71.     As a result of Defendant Jolly's acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future,  damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages and attorney fees and costs and further demand trial by jury.

### Count III
### Section 1983 Claim as to Defendant Matthew Wood

7   2.     Plaintiff realleges and incorporates herein the allegations contained in

paragraphs 1-60.

73.     Defendant Wood violated Plaintiff's constitutional rights by falsely swearing in an arrest affidavit that probable cause existed to arrest Plaintiff for violating Palm Beach County Noise Ordinance, which is a non-criminal offense.

74.     Defendant Wood violated Plaintiff's constitutional rights by falsely stating in an arrest affidavit that probable cause existed to arrest Plaintiff for violating Florida Statute §843.02 when there was no legal basis to arrest Plaintiff for this charge.

75.     Defendant Wood violated Plaintiff's constitutional rights by fabricating a claim

that Plaintiff pointed a handgun at Defendant Wood and threatened to kill Defendant Dougan.

76.    Defendant Wood violated Plaintiff's constitutional rights by causing the unlawful arrest of Plaintiff, which was affected without a warrant and without probable cause and/or as a pretext for other unlawful police conduct.

77.    Defendant Wood acted with bad faith, malice and with intent to injure Plaintiff when he violated Plaintiff's constitutional rights.

78.    At all times material hereto, Defendant Wood knew or should have known that his actions were wrongful and unlawful, and that they violated constitutional rights of the Plaintiff and would result in damage to the Plaintiff.

79.    As a result of Defendant Wood's alleged acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future, damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages and attorney fees and costs and further demand trial by jury.

### Count IV
### Section 1983 Claim as to Defendant John Dougan

80.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-60.

81.    Defendant Dougan violated Plaintiff's constitutional rights by falsely swearing in an arrest affidavit that Plaintiff was guilty of violating Palm Beach County Noise Ordinance when no such criminal offense exists.

82.    Defendant Dougan violated Plaintiff's constitutional rights by using excessive

force when he pepper sprayed Plaintiff when no lawful basis existed for the use of this force.

83.     Defendant Dougan violated Plaintiff's constitutional rights when he falsely swore that Plaintiff was guilty of violating Florida Statute § 843.02 when there was no lawful basis to arrest Plaintiff for this offense.

84.     Defendant Dougan violated Plaintiff's constitutional rights by causing the unlawful arrest of Plaintiff, which was affected without a warrant and without probable cause, and/or as a pretext for other unlawful police conduct.

85.     Defendant Dougan acted with bad faith, malice and with intent to injure Plaintiff when he violated Plaintiff's constitutional rights.

86.     At all times material hereto, Defendant Dougan knew or should have known that his actions were wrongful and unlawful, and that they violated constitutional rights of the Plaintiff and would result in damage to the Plaintiff.

87.     As a result of Defendant Dougan's alleged acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages and attorney fees and costs and further demand trial by jury.

**Count V**
**Section 1983 Claim as to Defendant Andrew Porath**

88.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-60.

89.     Defendant Porath violated Plaintiff's constitutional rights when, acting in concert with Defendant Burdick, he arrested Plaintiff without a warrant and without probable cause for the offenses alleged by Defendant Wood and Defendant Dougan, and/or as pretext for other unlawful police conduct.

90.     Defendant Porath failed to perform a constitutionally valid investigation into the facts surrounding the alleged actions by Plaintiff.

91.     Defendant Porath acted with bad faith, malice and with intent to injure Plaintiff when he arrested Plaintiff without a warrant and without probable cause.

92.     At all times material hereto, Defendant Porath knew or should have known that his actions were wrongful and unlawful, and that they violated constitutional rights of the Plaintiff and would result in damage to the Plaintiff.

93.     As a result of Defendant Porath's alleged acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future, damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages and attorney fees and costs and further demand trial by jury.

## Count VI
### Section 1983 Claim as to Defendant Richard Burdick

94.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-60.

95.    Defendant Burdick violated Plaintiff's constitutional rights when, acting in concert with Defendant Porath, he arrested Plaintiff without a warrant and without probable cause for the offenses alleged by Defendant Wood and Defendant Dougan, and/or as pretext for other unlawful police conduct.

96.    Defendant Burdick failed to perform a constitutionally valid investigation into the facts surrounding the alleged actions by Plaintiff.

97.    Defendant Burdick acted with bad faith, malice and with intent to injure Plaintiff when he arrested Plaintiff without a warrant and without probable cause.

98.    At all times material hereto, Defendant Burdick knew or should have known that his actions were wrongful and unlawful, and that they violated constitutional rights of the Plaintiff and would result in damage to the Plaintiff.

99.    As a result of Defendant Burdick's alleged acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future, damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages and attorney fees and costs and further demand trial by jury.

## Count VII
## State Law Claims
## False Arrest / False Imprisonment Against Defendant Matthew Wood
## [Reserved for Six Months After Presentment]

100.    Plaintiffs reallege and incorporates herein the allegations contained in paragraphs 1-60.

101.    Defendant Wood caused the confinement, restraint, and/or arrest of Plaintiff against his will and without his consent, so that the Plaintiff was not free to leave his place of confinement.

102.    Defendant Wood accomplished this unlawful restraint of Plaintiff's liberty by causing Plaintiff to be placed in handcuffs and confined to an area in which Plaintiff did not wish to be confined, specifically inside the deputy's vehicle as well as inside Palm Beach County Jail.

103.    The arrest and incarceration of the Plaintiff was made without judicial approval, without an arrest warrant and without probable cause, and/or as pretext to other unlawful police conduct.

104.    At all times material hereto, the actions of Defendant Wood were intentional, willful, reckless or wanting in care as to constitute conscious disregard or indifference to the rights of Plaintiff.

105.    As a result of Defendant Wood's alleged acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future, damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and attorney fees and costs and further demand trial by jury.

**Count VIII**
**State Law Claims**
**False Arrest / False Imprisonment Against Defendant John Dougan**
**[Reserved for Six Months After Presentment]**

106.    Plaintiffs reallege and incorporates herein the allegations contained in paragraphs 1-60.

107.    Defendant Dougan caused the confinement, restraint, and/or arrest of Plaintiff against his will and without his consent, so that the Plaintiff was not free to leave his place of confinement.

108.    Defendant Dougan, accomplished this unlawful restraint of Plaintiff's liberty by causing Plaintiff to be placed in handcuffs and confined to an area in which Plaintiff did not wish to be confined, specifically inside the deputy's vehicle as well as inside Palm Beach County Jail.

109.    The arrest and incarceration of the Plaintiff was made without judicial approval, without an arrest warrant and without probable cause, and/or as pretext for other unlawful police conduct.

110.    At all times material hereto, the actions of Defendant Dougan were intentional, willful, reckless or wanting in care as to constitute conscious disregard or indifference to the rights of Plaintiff.

111.    As a result of Defendant Dougan's alleged acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future, damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and attorney fees and costs and further demand trial by jury.

## Count IX
## State Law Claims
## Assault / Battery Against Defendant John Dougan
### [Reserved for Six Months After Presentment]

112.   Plaintiffs realleges and incorporates herein the allegations contained in paragraphs 1-60.

113.   Defendant Dougan acted against the will of Plaintiff and with abusive and physically damaging force.

114.   The acts and conduct of Defendant Dougan when he pepper sprayed Plaintiff brought about immediate harmful or offensive contact with Plaintiff.

115.   At all times material herein, the acts and conduct of Defendant Dougan were intentional, willful, reckless or wanting in care as to constitute conscious disregard or indifference to the rights of Plaintiff.

116.   As a direct and proximate result of the acts and conduct of Defendant Dougan, Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity to enjoy life, and medical expenses, all in the past, present and future. The losses are either permanent or continuing and Plaintiff will suffer the loss in the future.

WHEREFORE, Plaintiff seeks compensatory damages and attorney fees and costs and further demand trial by jury.

## Count X
## State Law Claims
## False Arrest / False Imprisonment Against Defendant Andrew Porath
### [Reserved for Six Months After Presentment]

117.   Plaintiffs realleges and incorporates herein the allegations contained in paragraphs 1-60.

118.   Defendant Porath confined, restrained, and arrested Plaintiff against his will,

and without his consent, so that the Plaintiff was not free to leave his place of confinement.

119.    Defendant Porath accomplished this unlawful restraint of Plaintiff's liberty by placing him in handcuffs and confining him to an area in which Plaintiff did not wish to be confined, specifically inside the deputy's vehicle as well as inside Palm Beach County Jail.

120.    The arrest and incarceration of the Plaintiff was made without judicial approval, without an arrest warrant and without probable cause, and/or as pretext for other unlawful police conduct.

121.    At all times material hereto, the actions of Defendant Porath were intentional, willful, reckless or wanting in care as to constitute conscious disregard or indifference to the rights of Plaintiff.

122.    As a result of Defendant Porath's alleged acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future, damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and attorney fees and costs and further demand trial by jury.

### Count XI
### State Law Claims
### False Arrest / False Imprisonment Against Defendant Richard Burdick
### [Reserved for Six Months After Presentment]

123.    Plaintiffs reallege and incorporates herein the allegations contained in paragraphs 1-60.

124.    Defendant Burdick, confined, restrained, and arrested Plaintiff against his will, and without his consent, so that the Plaintiff was not free to leave his place of confinement.

125.   Defendant Burdick, accomplished this unlawful restraint of Plaintiff's liberty by placing him in handcuffs and confining him to an area in which Plaintiff did not wish to be confined, specifically inside the deputy's vehicle as well as inside Palm Beach County Jail.

126.   The arrest and incarceration of the Plaintiff was made without judicial approval, without an arrest warrant and without probable cause, and/or as pretext for other unlawful police conduct.

127.   At all times material hereto, the actions of Defendant Burdick were intentional, willful, reckless or wanting in care as to constitute conscious disregard or indifference to the rights of Plaintiff.

128.   As a result of Defendant Burdick's alleged acts, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future, damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and attorney fees and costs and further demand trial by jury.

## Count XII
### State Law Claims
**Vicarious Liability Against Defendant Ric Bradshaw as Sheriff of Palm Beach County
[Reserved for Six Months After Presentment]**

129.   Plaintiffs reallege and incorporates herein the allegations contained in paragraphs 1-60.

130.   While acting within the course and scope of their employment with the Defendant Ric Bradshaw as Sheriff of Palm Beach County, Defendants, Mark Jolly, Matthew Wood, John Dougan, Andrew Porath and Richard Burdick, confined, restrained,

and arrested Plaintiff, or caused Plaintiff to be confined, restrained and arrested against his will, and without his consent, so that the Plaintiff was not free to leave his place of confinement.

131.   Defendants, Mark Jolly, Matthew Wood, John Dougan, Andrew Porath and Richard Burdick, while acting within the course and scope of their employment with the Defendant Ric Bradshaw as Sheriff of Palm Beach County, arrested and incarcerated the Plaintiff, or caused Plaintiff to be arrested or incarcerated, without judicial approval, without an arrest warrant and without probable cause.

132.   At all times material hereto, the actions of Defendants, Mark Jolly, Matthew Wood, John Dougan, Andrew Porath, and Richard Burdick were intentional, willful, reckless or wanting in care as to constitute conscious disregard or indifference to the rights of Plaintiff.

133.   At all times material hereto, Ric Bradshaw as Sheriff of Palm Beach County actively and knowingly participated, engaged, approved or ratified the unlawful and wrongful conduct of the Defendants, Mark Jolly, Matthew Wood, John Dougan, Andrew Porath, and Richard Burdick, or otherwise engaged in conduct that was so reckless or wanting in care as to constitute conscious disregard or indifference to the rights of Plaintiff.

134.   Ric Bradshaw as Sheriff of Palm Beach County is vicariously liable for the unlawful confinement, restraint and arrest of the Plaintiff.

135.   As a result of the Defendants' conduct, Plaintiff has suffered damages including, but not limited, to shame, embarrassment, humiliation, emotional distress, loss of capacity to enjoy life, medical expenses, all in the past, present and future, damage to reputation, and loss of earning capacity.

WHEREFORE, Plaintiff seeks compensatory damages and attorney fees and costs and further demand trial by jury.

### Count XIII
### State Law Claims
### Loss of Consortium by Kareen Howell
### [Reserved for Six Months After Presentment]

136.    Plaintiffs reallege and incorporates herein the allegations contained in paragraphs 1 - 60, 100 -135.

137.    As a result of the conduct of the Defendants, Plaintiff, Kareen Howell, the wife of Plaintiff, Howard Howell, has lost the comfort, society, companionship, services, and consortium of her spouse, since the date of the incident described herein, and will continue to lose such comfort, society, companionship, services, and consortium in the future.

WHEREFORE, Plaintiff seeks compensatory damages and attorney fees and costs and further demand trial by jury.

**WHEREFORE**, the Plaintiffs, HOWARD HOWELL and KAREEN HOWELL, demand judgment against the Defendants, RIC BRADSHAW, Individually and as Sheriff of Palm Beach County, MARK JOLLY , MATTHEW WOOD, JOHN DOUGAN, ANDREW PORATH and RICHARD BURDICK, for damages, and costs of these proceedings, and further demand trial by jury.

Dated: _September 18_ , 2007.

**ROBERT L. SAYLOR, Esquire**
FLORIDA BAR NO. 132481
**ANNA GARBER, Esquire**
FLORIDA BAR NO. 0838381
*Law Offices of Robert L. Saylor, P.A.*
Attorneys for Defendant
The Barristers, Suite 1-B
1615 Forum Place
West Palm Beach, FL 33401
Telephone:    561/697-8700
Facsimile:    561/697-3135

_____

HOWARD HOWELL

STATE OF FLORIDA
COUNTY OF PALM BEACH

    HOWARD HOWELL, being duly sworn upon oath deposes and says that he is the Plaintiff in the aforementioned case, and that the above facts and allegations in the Complaint are true and correct to the best of his knowledge, information, and belief.


    The foregoing instrument was sworn to and acknowledged before me this _18_ day of September, 2007, by HOWARD HOWELL.

Personally Known __✓__
Produced Identification _____
Type of Identification Produced



_____
Signature of Notary Public

_Fresa Atienza_
Name of Notary - Printed

_#DD 602278_
Commission Number

_____
KAREEN HOWELL

STATE OF FLORIDA
COUNTY OF PALM BEACH

    KAREEN HOWELL, being duly sworn upon oath deposes and says that she is the Plaintiff in the aforementioned case, and that the above facts and allegations in the Complaint are true and correct to the best of her knowledge, information, and belief.


    The foregoing instrument was sworn to and acknowledged before me this _18_ day of September, 2007, by HOWARD HOWELL.

Personally Known _____
Produced Identification _____
Type of Identification Produced _____

_____
Signature of Notary Public

_FRESA Atienza_
Name of Notary - Printed

_# DD 602278_
Commission Number

LAW OFFICES OF
# ROBERT L. SAYLOR
AND ASSOCIATES

ROBERT L. SAYLOR, ESQUIRE
FRESA ATIENZA, PARALEGAL

ANNA GARBER, ESQUIRE
VELMA QUITUGUA, PARALEGAL

Via U.S. Certified Mail [RR# 7002 2410 0006 6261 2928]

July 27, 2007

SHERIFF RIC BRADSHAW
Palm Beach County Sheriff's Office
3228 Gun Club Road
West Palm Beach, FL 33406

Re:   Howard Howell
      DOB:   8/25/66           Place of Birth: Jamaica       SSN: 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
      Incident date:           June 24, 2006
      Incident location:       West Palm Beach, Florida. Palm Beach County

Dear Sheriff Bradshaw:

I am writing on behalf of my client, Howard Howell. The purpose is to give the Sheriff's Office the required statutory notice pursuant to Florida Statute §768.28.

I know you are familiar with the facts of this case since you signed off on the Internal Affairs investigation earlier this year. I would submit that when the real facts of this case come out, the public will know that the internal affairs investigation was a sham and that Deputy Howell was made a scapegoat. The real culprits were the two uniformed deputies who illegally entered the homeowners property for a non-existent crime and then fabricated evidence to cover up their own misdeeds.

How else can the Sheriff's office simply ignore the facts that everything Deputy Dougan and Deputy Wood did was illegal? Once the two deputies entered the backyard without the consent of the homeowners, the Spence's, the officers were illegally on the premises, and no longer acting in the lawful execution of any legal duty. Furthermore, not only were they illegally on the premises but their stated purpose for intruding onto private property was for a violation of Palm Beach County noise ordinance *which is not even a criminal offense*. The noise ordinance specifically states that any violation is a "civil issue."

So now these two deputies are illegally on the property for a non-existent crime as they approach Deputy Howell, who happens to be the person standing closest to where the music is being played. Without asking any questions they assume he is the guilty party.

**EXHIBIT 1**

1615 FORUM PLACE, BARRISTERS BUILDING, SUITE 1-B, WEST PALM BEACH, FLORIDA 33401
T: 561.697.8700 F: 561.697.3135 E: SAYLORLAW@GMAIL.COM

46 of 51

07/27/2006  15:05    561659___3               LAW OFFICE                              PAGE  02/03

Jul 27 06 10:42a                                                                      p.2




IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CRIMINAL DIVISION

DS MATT WOOD, 8132                              CASE NO. 06CF008368A99
PALM BEACH COUNTY SHERIFFS OFFICE              Booking No. 2006031794
Agency case number 06-081847

STATE OF FLORIDA

vs.

HOWARD E HOWELL, B/M, 08/25/1966
_____/

## NO FILE FOR:

## AGGRAVATED ASSAULT ON A POLICE OFFICER WITH A FIREARM
## RESISTING AN OFFICER WITHOUT VIOLENCE

On June 24, 2006, Palm Beach County Sheriff's Office deputies responded to an address in unincorporated West Palm Beach in reference to a complaint of loud music. While one responding deputy was speaking to the homeowner about the complaint, another deputy walked around to the back of the home where the music was emanating from. At that point in time, an apparent verbal altercation ensued between a responding officer and the disc jockey, defendant Howard E. Howell, who also was employed by the Palm Beach County Sheriff's Office. The defendant was ultimately pepper-sprayed by the responding officer, who later indicated that the defendant returned and pointed a firearm at him. The defendant was arrested and charged with aggravated assault on a police officer with a firearm, and resisting an officer without violence.

The follow-up investigation conducted by supervisors and investigators at the Palm Beach County Sheriff's Office, together with additional investigation done by the defendant's attorney, revealed over a dozen witnesses to all or part of this confrontation. While several of these witnesses confirmed the responding officer's statement that the defendant was aggressive, several other witnesses indicated that the defendant was pepper-sprayed without provocation.

**EXHIBIT 2**



Additionally, there is evidence to contradict the responding officer's assertion that the defendant pointed a firearm at him, and there is no physical evidence to support this allegation, since no firearm was recovered that evening.

In short, there being significantly conflicting eye-witness accounts of this incident, and since it is the State of Florida's burden to prove allegations "beyond a reasonable doubt," charges cannot be filed in this matter.  Accordingly, the charges against the defendant are hereby NO FILED, and a copy of this file is being referred to the Sheriff's Office for possible administrative review.

BARRY E. KRISCHER, STATE ATTORNEY

DATE: July 19, 2006

By: _____
PAUL H. ZACKS
Assistant State Attorney
FL. BAR NO. 0195632

PHZ/lrs

**CLERK AND SHERIFF TO RESCIND NO CONTACT ORDER**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA

HOWARD HOWELL and                    CASE NO.: 50 2007 CA 015822 XXXX MB AE
KAREEN HOWELL,

     Plaintiffs,

v.

RIC BRADSHAW, as SHERIFF OF
PALM BEACH COUNTY, MARK JOLLY,
MATTHEW WOOD, JOHN DOUGAN,
ANDREW PORATH and RICHARD
BURDICK,

     Defendants.
_____/



### AMENDMENT TO THE COMPLAINT BY INTERLINEATION

COME NOW the Plaintiffs, HOWARD HOWELL and KAREEN HOWELL, by and

through the undersigned counsel, moves to amend the complaint by interlineation to

correct a scrivener's error as follows:

1.    Caption should read "RIC BRADSHAW, as SHERIFF OF PALM BEACH

COUNTY" and not "RIC BRADSHAW, individually and as SHERIFF . . ."

2.    Paragraph 64 d of the complaint should read "Florida Statute §776.05"

and not "Florida Statute §843.02".

3.    The amendment stand as though incorporated in the complaint initially.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached
this 20th day of September 2007 to the Complaint and Summons to be served on each
of the Defendants.

              ROBERT L. SAYLOR, Esquire
              FLORIDA BAR NO. 132481
              **ANNA GARBER**, Esquire
              FLORIDA BAR NO.  0838381
              Counsel for Plaintiffs
              *Law Offices of Robert L. Saylor, P.A.*
              The Barristers - Ste. 100
              1615 Forum Place
              West Palm Beach FL 33401
              Telephone:  561/697-8700
              Facsimile:  561/697-3135

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Howard Howell and Kareen Howell | Ric Bradshaw, as Sheriff of Palm Beach County, et al. |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Palm Beach County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert L. Saylor, Esq., Anne Garber, Esq., Law Offices of Robert L. Saylor, PA, The Barristers, Ste. 1-B, 1615 Forum Place, West Palm Beach, FL 33401, Tel: 561-697-8700, Fax: 561-697-3135

Attorneys (If Known)
See attachment.

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |

West Palm Beach | 07-81000-CIV-Dimitrouleas| Rosenbaam

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☑ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Allege violations under 42 U.S.C. § 2000e, et seq., 42 U.S.C. §§ 1983 and 1988

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   October 23, 2007

**FOR OFFICE USE ONLY**

AMOUNT  350 -    RECEIPT #  968899    IFP

## **Attachment**

Peter L. Sampo, Esq.
Luke C. Savage, Esq.
Allen, Norton & Blue, P.A.
121 Majorca Avenue
Suite 300
Coral Gables, Florida 33134
Tel:    305-445-7801
Fax:   305-442-1578
Attorney's for all Defendants

117638_1