UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: **07-81000-CIV-Dimitrouleas**

**HOWARD HOWELL and**
**KAREEN HOWELL,**

      Plaintiffs,

**vs.**

**MATTHEW WOOD and**
**JOHN DOUGAN,**

      Defendants.
_____/

## MOTION FOR REMITTITUR, OR ALTERNATIVELY, NEW TRIAL ON DAMAGES AND INCORPORATED MEMORANDUM OF LAW

      The defendant, John Dougan, by and through his undersigned counsel, files this his motion fore remittitur, or alternatively, for a new trial on damages and as grounds therefore states:

      1.    The jury inconsistently and irreconcilably found in favor of the defendant, John Dougan, on the claim for lack of probable cause for the arrest, and found against him on the state claim for false arrest. In addition, the jury found that defendant Howell used excessive force in the arrest and that he committed a battery on plaintiff. The jury awarded defendant Howell the sum of $275,000.00 as damages.

      2.    It is the responsibility of this court, upon proper motion, to review the amount of the compensatory damages award in order to determine whether the

1

award is so high as to shock the judicial conscience and constitute a denial of justice.

3. For the state law false arrest claim, Florida law determines whether the jury award is excessive, while federal law governs the procedural question of whether a new trial is warranted if the damages are found to be excessive. Florida Statutes, Section 768.74 governs remittitur and additur in cases where the trier of fact determines there is liability and awards damages to the plaintiff. It is the court's responsibility under that statute to review the amount to determine if the verdict is excessive. The court is to consider the following criteria:

> a. whether the damages award is indicative of prejudice, passion, or corruption on the part of the trier of fact;
>
> b. whether the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating the damages recoverable;
>
> c. whether the trier of fact took improper elements of damages into account or arrived at the damages by speculation and corruption;
>
> d. whether the amount awarded bears a reasonable relation to the damages proved and the injuries suffered; and
>
> e. whether the award of damages is supported by the evidence and is such that it could have been adduced in a logical manner by reasonable persons.

4. The court instructed the jury that it should consider the following elements of damages to the extent proven by a preponderance of the evidence:

> a. Humiliation, emotional pain, and mental anguish;
>
> b. Physical pain and suffering;

      c. Damage to reputation.

5. The evidence showed that plaintiff had post-traumatic stress disorder and saw a psychiatrist for thirteen visits. The Sheriff's Department paid these medical bills.

6. The evidence regarding humiliation, emotional pain, and mental anguish was supplied by Dr. LaPoint, Deputy Tim Daley, Mrs. Howell, and the plaintiff. The jury apparently disregarded the testimony of Mrs. Howell because they awarded no damages for loss of consortium. The testimony of Deputy Daley and Howell was that Howell hated his job—yet he performed well after the incident. There was no evidence of any financial loss.

7. There was no evidence that the plaintiff had any physical pain and suffering, except perhaps for a short time immediately following the pepper spray.

8. The evidence pertaining to damages to reputation was limited to the inference that because several of the investigating deputies believed that Howell actually committed the crime of aggravated assault, it somehow damaged his reputation. There was no evidence other than that that Howell suffered any damage at all to his reputation, and the jury found that neither of the defendants intentionally arrested Howell without probable cause.

9. The damages award of $275,000.00 is indicative of prejudice, passion, or misconception of the merits of the evidence regarding the damages recoverable.

The amount of the award is not supported by the evidence and bears no relationship to the damages proven and injuries suffered.

10. The court should remit the verdict to $15,000.00.

## **INCORPORATED MEMORANDUM OF LAW**

Consideration of the factors set forth in §768.74, Fla. Stat., demonstrates that the damages award is indicative of prejudice or passion on the part of the jury, or a misconception regarding the merits of the case relating to recoverable damages. Moreover, the damages award does not bear a reasonable relation to the damages proved and injuries suffered.

The federal courts have not hesitated to reduce jury awards in actions for false arrest and claims brought pursuant to 42 USC §1983, where the awards are excessive. A recent example of that is *Ruizdelatorre v. City of Miami Beach,* 2008 WL 5381431 (S.D. Fla. 2008). There, the jury found in favor of the plaintiff on his federal claim for unlawful arrest and on his state law claim for false arrest. The jury awarded him $275,000.00 in damages.

The defendant moved for a new trial, and also for remittitur, claiming that the damages award was excessive. The trial court granted a remittitur. The court observed that to remit the §1983 compensatory damages award, the court must determine that the compensatory damages award is so high as to shock the judicial conscience and constitute a denial of justice. In order to shock the judicial conscience, the verdict must be so excessive as to at least imply an inference that

the verdict evinced or carried an implication of passion or prejudice, corruption, partiality, improper influences, or the like. *Id.* at 21.

In assessing appropriateness of the compensatory damages, the *Ruizdelatorre* court looked at the size of the award; the rational relationship between the award and the evidence adduced at trial; and awards in other cases. There, as in this case, the plaintiff did not present evidence of medical bills, physical injuries, or lost wages. He presented limited evidence of psychological damages.

In passing on the motion for remittitur, the court conducted a wide search of Southern District jury verdicts in claims for false arrest. Damages awards in those cases were a fraction of the award in *Ruizdelatorre. Id.* at 21.

In remitting the verdict, the court discussed *Keyes v. Lagua,* 625 F.2d 330 (5th Cir. 1981). In *Keyes,* the appellate court reversed an award of $75,000.00 in favor of two plaintiffs for false arrest and excessive force claims brought pursuant to Section 1983. The court reversed the damage award because it was for an unlawful detention of two hours, where there was no evidence of medical or psychological injury and the force only resulted in headaches, numbness, bruising, anxiety, and nervousness. The appellate court concluded that although the defendants undoubtedly caused Mrs. Keyes' pain and suffering and emotional reaction such as heightened anxiety and loss of sleep, the award appeared to be beyond the maximum possible recovery for those items. The *Ruizdelatorre* court figured that in terms of 2008 dollars, the judgment reversed in the *Keyes* case,

5

adjusted for inflation, was $171,000.00. The *Ruizdelatorre* court concluded that in relationship to the *Keyes* case and other cases, the award of $275,000.00 was excessive when, it was based on a false arrest leading to physical and mental anguish, but without any evidence of long-term injury or tangible harm.

The *Ruizdelatorre* court cited the following cases: *Sterling Thomas Cowart v. Broward County Sheriff, et al.,* No. 05-cv-60862, 2007 WL 5273724 (S.D. Fla., June 8, 2007)(awarding $15,000 for physical and/or emotion damages in a section 1983 claim for false arrest); *Jones v. Sheriff of Broward County,* No. 92-6913, 1995 WL 684469 (S.D. Fla., Aug. 21, 2995)($37,000 award for violation of civil rights for unlawful search and seizure and state torts of false arrest; after defendant was acquitted of criminal charges, he was sent back to jail and strip searched, and remained in jail for several hours before his release); *Davis v. Deputy Edward Becht,* No. 03-0159, 2007 WL 4523028 (M.D. Fla. Mar. 8, 2007)($43,962 verdict for unlawful arrest; $20,000 for physical pain, emotional pain, and mental anguish, the remainder for medical expenses and loss of income); *Migone v. Miami-Dade County,* No. 03-21635, 2006 WL 2382307 (Fla. Cir. Ct. 11th, Feb. 17, 2006)($50,000 jury award for false arrest; plaintiff was arrested and held in custody for approximately ten hours). In *Ruizdelatorre,* the court found that an award of $100,000.00 was the highest possible damage award that the evidence supported.

In determining the excessiveness of the award, this court should look at all aspects of the award and should compare the award for non-economic damages in

this case with the awards of damages in the *Ruizdelatorre* case and the cases cited by the *Ruizdelatorre* court.

Comparison with those verdicts shows that the jury was infected with passion or prejudice. The verdict was clearly excessive, particularly in view of the fact that there was no long-term injury or tangible harm. The facts of the *Ruizdelatorre* case were egregious. Although there is testimony that the plaintiff suffered from post-traumatic stress disorder, the facts in this case are not egregious and do not support the damages awarded.

This case is similar to *Cowart v. Broward County Sheriff's Deputy,* 2007 WL 5273724 (S.D. June 8, 2007). That was a civil rights claim brought under 42 U.S.C. 1983 and for unlawful entry onto land and unlawful arrest. The case arose out of a Department of Agriculture citrus canker control action on the plaintiff's property. The plaintiff advised a Department of Agriculture agent that it was not authorized to cut down any trees on the property without a warrant. That officer informed plaintiff that he did not need a warrant and the officer requested law enforcement assistance. Plaintiff subsequently instructed defendants to get off his property if they did not have a warrant. Thereupon, the defendants allegedly forced the plaintiff to the ground and pepper sprayed him approximately three times while he was restrained. In addition, one defendant reportedly placed his knee into plaintiff's head and neck area while another defendant placed his knee on plaintiff's back. Plaintiff was arrested and charged with resisting arrest and

7

obstruction of justice. The criminal charges were dismissed by a court order in which the court made a specific finding that a warrant was required.

The jury found defendants 1) intentionally committed acts that violated plaintiff's federal constitutional rights not to be subject to unreasonable entry on property; 2) defendants' acts were proximate or legal cause of damages; 3) defendants did not intentionally commit acts violating plaintiff's federal right not to be arrested without probable cause; 4) plaintiff was entitled to damages for reasonable expenses including attorney's fees incurred in the criminal action as well as for physical and emotional pain and mental anguish. The jury awarded $10,000.00 as reasonable fees and expenses incurred in the criminal case, and $15,000.00 for physical or emotional pain/mental anguish.

The defendant respectfully submits that the award in *Cowart* for damages is a reasonable award and the highest possible damage award that the evidence in this case supports. Accordingly, defendant submits that this court should remit the verdict for damages to $15,000.00.

WHEREFORE, the defendant, Deputy John Dougan, respectfully requests this court to grant a remittitur of the verdict on the claim for his violation of plaintiff's civil rights by using excessive force or, alternatively, to grant a new trial.

**I HEREBY CERTIFY** that on February 10, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

_/s/ Fred H. Gelston_____
FRED H. GELSTON, ESQ.
FLA. BAR NO.: 173506
FRED H. GELSTON, P.A.
601 N. Dixie Highway, Ste. C
West Palm Beach, FL 33402-3546
(561) 832-5999
(561) 832-2533 fax
fgelston@bellsouth.net


AND

/s/ Marjorie Gadarian Graham
MARJORIE GADARIAN GRAHAM, ESQ.
FLA. BAR NO: 142053
MARJORIE GADARIAN GRAHAM, P.A.
Oakpark, Suite D 129
11211 Prosperity Farms Road
Palm Beach Gardens, FL 33410
561-775-1204
561-624-4460 fax
mgg@appeal.com


SERVICE LIST:

**Robert L. Saylor, Esq.**
LAW OFFICES OF ROBERT L. SAYLOR, P.A.
1615 Forum Place, Suite 1-B

**West Palm Beach, Florida, 33401**
561-697-8700
561-697-3135 fax
561-531-2680 cell
saylorLaw@gmail.com

**Michael B. Davis, Esq.**
PAXTON & SMITH, P.A.
Barristers Building, Suite 500
1615 Forum Place
West Palm bEach, FL 33401
561-684-2121
561-684-6855 fax
MBD@PAXSMITH.COM

**Peter L. Sampo, Esq.**
 ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida, 33134
305-4455-7801
305-441-1578 fax
psampo@anblaw.com
lsavage@anblaw.com