UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81000-CIV-DIMITROULEAS/Snow

HOWARD HOWELL and KAREEN HOWELL,

    Plaintiffs,

vs.

SHERIFF OF PALM BEACH COUNTY, et al.

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on plaintiff **Howard Howell's** Motion for Award of Costs and Attorney's Fees (DE 105), which was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation.

### I. PROCEDURAL HISTORY

The complaint was filed September 18, 2007, In the Circuit Court of the Fifteenth Circuit in and for Palm Beach County, Florida, alleging violation of the plaintiff's civil rights protected by 42 U.S.C. § 1983. (DE 1) The defendants removed the case to federal court on October 23, 2007, and filed an answer. (DE 2 and 3.) After several discovery motions, the parties were granted an extension of time to file a motion for summary judgment. (DE 31) The Court granted the motion for summary judgment in part, dismissing Counts I, II, V, VI, X, XI and XII against defendants Sheriff Ric Bradshaw, and Deputies Burdick and Porath, on the

basis of qualified immunity. The claim against defendant Jolly also was dismissed. (DE 43) The case was stayed pending the interlocutory appeal filed by Deputies Matthew Wood and John Dougan. (DE 51) The Eleventh Circuit Court of Appeals affirmed the denial of summary judgment for Matthew Wood and John Dougan, and the case was reopened. (DE 62 and 63.)

Matthew Wood filed a motion for leave to file a renewed motion for summary judgment and a second motion for leave to file a renewed motion for summary judgment. (DE 65 and 70.) Both were denied. (DE 69 and 71.) The parties filed a Joint Pretrial Stipulation. (DE 73) Trial commenced January 25, 2010. (DE 79) The trial ended January 29, 2010, and the jury rendered a verdict against John Dougan in the amount of $275,000.00 and declined to award damages from Matthew Wood. (DE 92) Final judgment was entered against Dougan on February 1, 2010. The Court denied Dougan's motion for a new trial, and referred to the undersigned the plaintiffs' motion for an award of costs and attorney's fees. (DE 108 and 107.)

The plaintiff did not submit any documentation of his costs, and the defendant did not file a response to the plaintiff's motion for attorneys' fees and costs. On April 26, 2010, the undersigned ordered the plaintiff to file copies of all documents supporting their claimed costs, including invoices from third parties and a breakdown of in-house copying costs and long distance charges, and ordered the defendant to file a written response to the motion. The plaintiff's breakdown of costs was filed on April 30, 2010; the defendant's response was filed on May 7, 2010, and

2

the plaintiff's reply was filed on May 14, 2010. A hearing was held on the motion on May 25, 2010.

## II. RECOMMENDATIONS OF LAW

### A. ATTORNEY'S FEES

The plaintiff seeks a total of $287,280.00 in attorneys fees, pursuant to 42 U.S.C. § 1988, which permits an award of fees for the enforcement of § 1983. The Local Rules for the Southern District of Florida provide:

> Any motion for attorneys fees and/or costs: (i) must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; (ii) must state the amount or provide a fair estimate of the amount sought; (iii) shall disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made; (iv) describe in detail the number of hours reasonably expended, the bases for those hours, the hourly rate(s) charged, and identify the timekeepers; (v) shall describe all reimbursable expenses; (vi) shall be verified; (vii) shall be supported by an affidavit of an expert witness; and (viii) shall be filed and served within 30 days of entry of Final Judgment or other appealable order which gives rise to a right to attorneys fees or costs. Any such motion shall be accompanied by a certification that counsel has fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified.

S.D.Fla.R. 7.3.A.

The plaintiff's motion states that counsel's agreement with the plaintiff provided for a contingent fee; that the plaintiff's lead counsel, Robert Saylor, Esq., expended 539 hours at the rate of $400 per hour, and that associate counsel, Michael B. Davis, Esq., expended 238 hours at the rate of $300 per hour. Subsequent to the hearing, Mr. Davis submitted an affidavit

3

documenting an additional 11.6 hours for time spent on the instant motion. The plaintiff filed an affidavit from expert Gary A. Isaacs, Esq., opining that the rates claimed by the lawyers and the hours expended were reasonable. The motion was timely filed, but not verified. However, counsel for the plaintiff verified the claimed fees in his Affidavit for Costs and Attorney's Fees (DE 101) and at the hearing, and the defendants did not object to the lack of verification in the motion itself. Accordingly, the requirements of Rule 7.3A have been met.

The defendant, in his response to the motion, contends that the claimed fee for Mr. Saylor was excessive, but does not contest the amount claimed by Mr. Davis.

1. **Applicable Law**

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing

party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434. Moreover, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman held that the district court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill,

5

> reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

Norman, 836 F.2d at 1299. (Citations omitted.)

Once the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained:

> If the result was excellent, then the court should compensate for all hours reasonably expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised. The vindication of a constitutional right is important even if only a small amount of money is involved.

Id. at 1302. (Citations omitted.)

## 2. **Hours Expended**

The defendant contends that the 539 hours claimed by Mr. Saylor are excessive. The defendant points out that Mr. Saylor claimed 100 hours of time prior to August 2007, when he began drafting the complaint. Additionally, Mr. Saylor billed more than 166 hours for trial preparation between December 2008 and February 2009. The defendant notes that the trial lasted only four days, with fewer than 15 witnesses. The defendant also points to multiple billings, totaling more than 100 hours, for reading and

re-reading the depositions in the case. Finally, the defendant contends that the billings are insufficiently detailed to permit the court to ascertain how many hours were spent on the federal claims.

At the hearing, Mr. Saylor acknowledged that he is semi-retired and takes a limited number of cases. Therefore, he does have more time to spend on each case than attorneys working with a larger caseload. However, he asserted that the time spent prior to drafting the complaint, reviewing depositions and preparing for trial were necessary to obtain the result he achieved. Mr. Saylor also stated that all of the claims were filed in good faith and were factually intertwined.

The billing records provided by Mr. Saylor do not permit the Court to ascertain what proportion of his time was expended on the federal claims, either before or after the complaint was filed. By contrast, Mr. Davis' affidavit notes that his total hours had been reduced by 95.90 hours, a reduction of nearly 25%, for the time he spent working on the state law claims and the federal claim for false arrest. (DE 103 at 4.) Therefore, the Court is entitled to determine whether a percentage reduction is appropriate. Norman, 836 F.2d at 1303; Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994).

The undersigned has considered the length of the trial, the nature of the issues involved, the fact that some of Mr. Saylor's time was spent on state and/or dismissed claims, the testimony presented at the hearing and her own experience in the

time required in all aspects of litigation, and has determined that the number of Mr. Saylor's compensable hours should be reduced by 25%. Thus, the undersigned finds that the number of hours reasonably expended by Mr. Saylor on this litigation was 404. Based on the same factors, and the lack of objection by the defendant, the undersigned finds that the 249.6 hours expended by Mr. Davis were reasonable.

### 3. Hourly Rate

The defendant also contends that the hourly rate claimed by Mr. Saylor is excessive. He points out that Mr. Isaacs, the plaintiff's expert, a lawyer of similar experience and expertise, bills at $300 per hour. The undersigned notes that co-counsel, Mr. Davis, bills at $300 per hour. At the hearing, Mr. Saylor conceded that the highest hourly rate he has been awarded by a court was $300 per hour, but pointed out that this award was several years ago. Additionally, Mr. Saylor noted that he has 40 years experience and has tried a large number of civil rights cases.

Based on the record in this cause, the affidavit of Mr. Isaacs, the affidavit and testimony of Mr. Saylor regarding his qualifications and experience and the undersigned's familiarity with fee awards in similar cases, the undersigned finds that a reasonable hourly rate for Mr. Saylor's work in this case is $350. The Court also finds, based on the same factors and the lack of objection by the defendant, that the rate of $300 per hour for Mr. Davis is reasonable.

### 4. Adjustment for Results

The defendant argues that the results obtained by the plaintiff were limited. The defendant points out that of the original complaint named 6 defendants and contained 13 counts, but that 7 counts and 4 defendants were dismissed on summary judgment. The case proceeded to trial against defendants Dougan and Wood on 6 counts: the § 1983 claims against Dougan and Wood (Counts III and IV); state false arrest claims against Dougan an Wood (Counts VII and VIII); a state battery claim against Dougan (Count IX) and a state loss of consortium claim. The jury returned a verdict in favor of the plaintiff on Count IV (§ 1983 against Dougan); false arrest against Dougan and Wood (Counts VII and VIII) and battery against Dougan (Count IX). Thus, the plaintiff recovered on only one compensable § 1983 claim, and the defendant contends that the fee should be adjusted accordingly.

The undersigned notes that despite the number of claims which were dismissed on summary judgment, the case proceeded to trial and the jury awarded the plaintiff $275,000 in damages. This was an excellent result, and no reduction in the fee is warranted.

Accordingly, Mr. Saylor should be compensated for 404.25 hours at $350 per hour, for a total of $141,487.50. Mr. Davis should be compensated for 249.6 hours at $300 per hour, for a total of $74,880.

### B. COSTS

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule

9

54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. <u>Manor Healthcare Corp. v. Lomelo</u>, 929 F.2d 633, 639 (11th Cir. 1991).

> Taxable costs are identified in 28 U.S.C. § 1920:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The plaintiff seeks a total of $8,226.77 in costs of litigation, with $6,239.33 expended by Mr. Saylor's firm and $1,987.44 expended by Mr. Davis' firm. As the defendant has not objected to any of the costs claimed by the plaintiff and the undersigned finds that these costs are compensable.

### III. <u>CONCLUSION</u>

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the plaintiff **Howard Howell's** Motion for Award of Costs and Attorney's Fees (DE 105) is GRANTED, in part, as follows:

      1. Robert Saylor, Esq., is awarded $141,487.50 in attorney's fees and $6,239.33 in costs of litigation, and

      2. Michael B. Davis, Esq., is awarded $74,880 in attorney's fees and $1,987.44 in costs of litigation.

      The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

      DONE AND SUBMITTED at Fort Lauderdale, Florida, this 10th day of June, 2009.

                                        /s/ Lurana S. Snow
                                        LURANA S. SNOW
                                        UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record